IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERRY SANDERS** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-24-508-STE ) |
| **MICHELLE KING,**<br>Acting Commissioner of the<br>Social Security Administration, | ) ) ) ) |
| Defendant.[1] | ) ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented the Court **REVERSES AND REMANDS** the Commissioner's decision.

---

[1] Michelle King is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Michelle King should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.     PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following two administrative hearings, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 11-18). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.    THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. See *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 31, 2022, the alleged onset date. (TR. 13). At step two, the ALJ determined Mr. Sanders suffered "severe" degenerative disc disease, status-post microdiscectomy and fusion; and osteoarthritis status-post bilateral hip replacements (TR. 13). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 14).

At step four, the ALJ concluded that Mr. Sanders retained the residual functional capacity (RFC) to:

> [P]erform LIGHT WORK as defined in 20 CFR 404.1567(b) with only occasional climbing of ramps/stairs; no climbing of ladders/ropes/scaffolds; unlimited balancing; and with occasional stooping, kneeling, crouching, and crawling.

(TR. 14).

With this RFC, the ALJ concluded that Mr. Sanders was capable of performing his past relevant work as a recreational vehicle salesperson, fast-food manager, and building equipment sales representative. (TR. 17). Thus, at step four, the ALJ concluded that Mr. Sanders was not disabled based on his ability to perform his past relevant work. (TR. 17-18).

### III.   ISSUES PRESENTED

On appeal, Mr. Sanders alleges the ALJ erred in: (1) failing to properly evaluate Plaintiff's subjective allegations regarding limitations owing to pain and (2) his rejection of a medical opinion. (ECF No. 12:14-23).

### IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh

the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.   THE ALJ'S EVALUATION OF PLAINTIFF'S SUBJECTIVE ALLEGATIONS

Mr. Sanders alleges that the ALJ erred in his assessment of Plaintiff's subjective allegations in accordance with 20 C.F.R. § 404.1529 and Social Security Ruling (SSR) 16-3p. The Court agrees.

### A.   ALJ's Duty to Evaluate Plaintiff's Subjective Allegations

SSR 16-3p and 20 C.F.R. § 404.1529 provide a two-step framework for the ALJ to evaluate a claimant's subjective allegations. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016) & 20 C.F.R. § 404.1529. First, the ALJ must make a threshold determination regarding whether there is an "underlying medically determinable physical or mental impairment(s) from an acceptable medical source which could reasonably be expected to produce an individual's symptoms, such as pain." SSR 16-3p, 2016 WL 119029, at *2; 20 C.F.R. § 404.1529(a), (b). Second, the ALJ will evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which they limit an individual's ability to perform work-related activities. SSR 16-3p, 2016 WL 119029, at *2; 20 C.F.R. § 404.1520(c). At this second step, the ALJ will examine the objective medical evidence, the claimant's statements regarding his symptoms, information from medical sources, medical opinions, and "any other relevant evidence" in the record. SSR 16-3p, 2016 WL 119029, at *4; 20 C.F.R. § 404.1529(a), (c), (d). The regulations and SSR 16-3p also direct the ALJ to consider the following seven factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms:

- Daily activities;

- The location, duration, frequency, and intensity of pain or other symptoms;

- Factors that precipitate and aggravate the symptoms;

- The type, dosage, effectiveness, and side effects of any medication;

- Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

- Any measures other than treatment a claimant has used to relieve pain or other symptoms; and

- Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2016 WL 119029, at *7; 20 C.F.R. § 404.1529(c)(3). Finally, in evaluating a claimant's subjective statements, the ALJ must "provide specific reasons for the weight given to the [claimant's] symptoms, [which are] consistent with and supported by the evidence, and [ ] clearly articulated" for purposes of any subsequent review. *Id.*, at *9.

### B.  Plaintiff's Subjective Allegations and Testimony Regarding Pain

At the administrative hearing, the ALJ acknowledged what he characterized as Mr. Sanders' "fairly severe" neck problems, "some compression at C5/7," "lumbar problems, [with] a diskectomy and a fusion," in 2015 and 2020, respectively, and two hip replacements. (TR. 42). Mr. Sanders confirmed the ALJ's recitation of Plaintiff's neck and back issues and testified extensively regarding the associated pain.

For example, Plaintiff testified:

- His pain level has "gotten worse and worse" with pain that "seeps down [his] leg into [his] feet," which, after a few minutes of walking, causes him to have aches in his feet and to walk with a limp;

- He had trouble sleeping at night and often napped during the day;

- He applied a Fentanyl patch every three days for pain;

- He took 40 milligrams of Oxycodone daily for pain;

- His pain management doctor told him that the next step in treating his pain would be to receive "palliative care" "where they can get past DEA limits on medication" and he can receive stronger pain medication;

- He can only sit approximately two hours per day;

- He can only sit, stand, and/or walk for a combined total of approximately four hours a day; and

- He cannot lift more than ten pounds at one time without pain.

(TR. 42-45).

### C.    The ALJ's Evaluation of Plaintiff's Subjective Allegations

In formulating the RFC, the ALJ stated that he had considered Plaintiff's symptoms and the consistency of his subjective allegations with other evidence of record. (TR. 14). The ALJ then: (1) set forth the two-step framework under SSR 16-3p and (2) summarized a portion of Plaintiff's hearing testimony. (TR. 15). In doing so, the ALJ omitted any reference to Mr. Sanders': (1) pain "seep[ing]" into his feet which causes him to limp; (2) inability to sit, stand, and/or walk for a combined total of only four hours; (3) extensive use of intense pain medications; and (4) need to nap during the day due to poor sleep at night. *See id.* Following his abbreviated recitation of Mr. Sanders' testimony, the ALJ stated:

> [T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(TR. 15). By way of an explanation, the ALJ then stated: "While the record certainly demonstrates symptoms that would limit the claimant's overall functioning, the objective medical evidence, when considered as a whole, fails to support the alleged severity of the claimant's musculoskeletal impairments." (TR. 15). The ALJ then discussed:

- MRI findings;
- X-ray findings;
- Reduced range of motion in Plaintiff's cervical spine, hips, and knees;
- A "significant" reduction in range of motion in Plaintiff's lumbar spine;
- Multiple reports of "normal" gait, strength, and grip;
- Positive straight leg raise testing in both the seated and supine positions;
- A report from June 2022 indicating Plaintiff had a full range of motion and his back had "no tenderness;"
- A report from October 2022 indicating Plaintiff was not sleeping well due to pain;
- An October 2022 examination which showed reduced range of motion in Plaintiff's knees, hips, cervical, and lumbar spines; and
- An August 2023 report that Plaintiff's pain was 8/10 without medication and 5/10 with medication.

(TR. 15-16). The ALJ then summarized Plaintiff's allegations in a function report, which included Mr. Sanders' statement that he goes to church weekly, attends baseball games, takes care of his dog, prepares simple meals, and performs light housekeeping duties. TR. 16). Finally, the ALJ weighed certain medical opinions and stated: "the above residual functional capacity assessment is supported by diagnostic tests, the physical exams, the treatment history, and the claimant's testimony." (TR. 17).

### D.     Error in the ALJ's Evaluation of Plaintiff's Subjective Allegations

In the two-step process required for an ALJ to evaluate a claimant's subjective allegations, the ALJ here failed at step two. At step one, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his pain. *See supra*. At the second step, however, the ALJ erred by omitting any discussion of Mr. Sanders' testimony regarding: (1) the pain "seep[ing]" into his feet which causes him to limp; (2) his inability to sit, stand, and/or walk for a combined total of only four hours; (3) extensive use of intense pain medications; and (4) need to nap during the day due to poor sleep at night. *See id.* Additionally, the Court recognizes that the ALJ discussed multiple reports of "normal" gait, strength, and grip and a report from June 2022 indicating Plaintiff had a full range of motion and his back had "no tenderness." Arguably, these findings could be found to have been explanatory regarding the ALJ's assessment of the Plaintiff's subjective allegations. However, in his "discussion" of Plaintiff's subjective allegations, the ALJ failed to explain his apparent rejection of Mr. Sanders' reports of poor sleeping, reduced range of motion, and reports of pain, which were reflected in both his testimony and reports to physicians. *See supra*. Furthermore, at the administrative hearing, when asked about these specific findings/reports, Mr. Sanders stated:

> When you go into this place, you pretty much, you know, you give them a - - a urine sample and then you go to set in an office, and then he comes in, and you're setting down when he's in there, and he talks to you for about five minutes or so - - five to ten minutes, and then writes the prescription and says he'll see you next month So, I mean, he doesn't really do- -  they take my blood pressure and heart rate, and that's about all they do while I'm there as far as the activities they have me do.

(TR. 44). Based on Plaintiff's testimony, it could be argued that the reports on which the ALJ relied were inaccurate. But the ALJ never commented on Plaintiff's testimony and the Court is left to speculate in that regard.

Overall, the ALJ: (1) summarized Plaintiff's testimony, omitting a good deal of it; (2) found that the objective evidence supported Plaintiff's complaints; and (3) summarized the objective evidence, both evidence which would seemingly support Plaintiff's allegations and support the ALJ's rejection of the same. Two problems exist. First, the regulations provide that an ALJ "will not reject [a claimant's] statements about the intensity and persistence of your pain or other symptoms ... solely because the available objective medical evidence does not substantiate [a claimant's] statements." *See* 20 C.F.R. § 404.1529(c)(2).

Second, a disconnect is found in the ALJ's "explanation"—case law and the pertinent regulations require the ALJ to "provide specific reasons for the weight given to the [claimant's] symptoms, [which are] consistent with and supported by the evidence, and [ ] clearly articulated" for purposes of any subsequent review." *See supra.* Here, the ALJ failed to do so, and in fact the Court finds that Mr. Sanders' statements are supported by the evidence. *See, e.g.,* TR. at 608 (noting Mr. Sanders' complaints of "pain radiating into his legs and feet bilaterally [which] is much more severe on his current regimen"— which had involved decreasing Plaintiff's pain medication, causing him to become more sedentary).

"Because the ALJ did not . . . sufficiently articulate his reasoning, [the Court] cannot conduct a meaningful review of the pain assessment." *Brownrigg v. Berryhill*, 688

F. App'x 542, 546 (10th Cir. 2017). The ALJ's recitation of the proper standard and his summary of Plaintiff's testimony and allegations is insufficient to fulfill his duties under SSR 16-3p. Although the ALJ summarized Plaintiff's testimony and allegations, and stated that his allegations were "not entirely consistent," he did not thereafter: (1) fully explain how Plaintiff's allegations were inconsistent or (2) "closely and affirmatively" link any of the factors to his determination. *See* TR. 28-41; *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (explaining that ALJ is required to closely and affirmatively link credibility findings to substantial evidence in the record and to "articulate specific reasons" for such findings).

Instead, the ALJ simply recited a portion of the Plaintiff's testimony and evidence from the record which would seemingly weigh in favor and go against his rejection of Plaintiff's complaints. But in doing so, he failed to provide any insight into how that evidence had impacted his ultimate determination. As a result, the Court finds reversible error and orders the case remanded for a proper evaluation of Plaintiff's subjective allegations in accordance with SSR 16-3p and 20 C.F.R. § 404.1529. *See Murray v. Berryhill*, No. CIV-15-364-CG, 2017 WL 4010868, at *4-6 (W.D. Okla. Sept. 12, 2017) (reversing and remanding for further proceedings where ALJ summarized some medical records but "included no meaningful discussion of how the evidence served as a basis for the conclusion"); *Pruitt v. Colvin*, No. CV-15-207-HE, 2016 WL 11469336, at *3 (W.D. Okla. Jan. 20, 2016), report and recommendation *adopted*, No. CIV-15-0207-HE, 2016 WL 1266960 (W.D. Okla. Mar. 31, 2016) (reversing and remanding where ALJ did

not deliver the "promised explanation or requisite analysis" in assessing claimant's credibility).

## VI. PLAINTIFF'S REMAINING ALLEGATION

Plaintiff also alleges error in the consideration of a medical opinion from APRN Kaylee Terrell. (ECF No. 12: 14-19). The Court need not consider this allegation in light of the ordered remand.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on January 31, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE